Opinion delivered April 17, 1886.

[No. 3888.]

BABE LAWSON *v.* THE STATE.

PRACTICE—CONTINUANCE—NEW TRIAL.—See the opinion *in extenso* for circumstances under which, even if the trial court properly refused the application for a continuance because of the want of diligence, it erred in refusing the motion for a new trial.

APPEAL from the District Court of Hunt. Tried below before the Hon. J. A. B. Putman.

The conviction in this case was for the theft of a horse, the property of Mrs. M. A. Montgomery, in Hunt county, Texas, on the seventeenth day of April, 1883. A term of five years in the penitentiary was the penalty assessed against the appellant.

The opinion sufficiently discloses the case.

*R. L. Porter* and *E. W. Terhune,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. As many, if not more witnesses, testified that the colt in controversy belonged to appellant, as testified that it was the property of Mrs. Lux, formerly Mrs. Montgomery, the prosecutrix.

Appellant made an application for a continuance in order to obtain the testimony of Bill Williams, a brother of the prosecutrix, and who had lived with the prosecutrix for eight years, and knew, handled, and managed her horse property. The application alleged that he, Williams, had fed and knew the colt well, and would testify it was not his sister's, but defendant's colt. It was in proof by the witness Beard that after he bought the colt of defendant, he, witness, branded it, and that the witness Williams was present at the time, and made no claim to it as belonging to his sister, Mrs. Lux. Mrs. Lux testified that her brother had lived with her, knew the colt, and had said nothing to her about having seen it at Beard's.

Considering the conflict in the testimony, the number of witnesses who testified that the colt was defendant's, the fact that defendant always openly and publicly claimed it as his, and that the parties at one time agreed to arbitrate their rights to it, in fact all the testimony taken together, and the evidence of Bill Williams, the brother of the prosecutrix, became most material and most important to defendant; and, even if we concede that the application was properly overruled in the first instance for want of diligence, we think it should have had controlling weight when it came to be considered a second time in connection with the evidence, on the defendant's motion for a new trial.

Under the circumstances shown we are of opinion, for the reasons stated, that it was error to overrule the motion for a new trial. Wherefore the judgment is reversed and cause remanded.

*Reversed and remanded.*